IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § | NO. 4:11-CR-861-2 |
| CYRUS SAJADI | § § | |

**MOTION IN LIMINE**
["OTHER CRIMES" AND UNCHARGED MISCONDUCT]
[RULE 103, 104, 403, 404(B) AND 609, F.R.Ev.]

TO THE HONORABLE VANESSA GILMORE:

Dr. Cyrus Sajadi, Defendant, moves the court before trial, in limine, pursuant to Rules 103 and 104 of the Federal Rules of Evidence, for an Order instructing the attorney for the government, his or her representatives, and witnesses to refrain from making any direct or indirect reference whatsoever, at trial before the jury of any other extraneous crimes or misconduct by the defendant, other defendants, or other defense witnesses other than those specifically set out in the indictment until a hearing has been held outside the presence of the jury to determine the following:

Whether the defendant or the witness was formally charged and convicted within the past ten (10) years of said criminal conduct and said conviction carried a maximum punishment of more than one (1) year or said criminal offense involved dishonesty or false statements and would be admissible for impeachment purposes pursuant to Rule 609, F.R.Ev.

If no conviction and not offered for impeachment purposes, then whether said "other crimes" or misconduct fits one of the exceptions to the general rule excluding such evidence tending to prove general character pursuant to Rule 404(b), F.R. Crim. Pro., and then only in rebuttal.

Even if said "other crimes" were to constitute one of the Rule 404(b) exceptions, whether its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading, unnecessary or cumulative pursuant to F.R.Ev., Rule 403. And as grounds therefore the defendant would show the following:

I.

The defendant may wish to take the stand and testify in his own behalf, and may call witnesses on his behalf.

II.

To allow the attorney for the government, his or her representatives, or his or her witness to introduce evidence, make reference to, cross-examine the defendant or defense witnesses with respect to, or otherwise leave the jury with an impression with respect to any other and extraneous crimes or misconduct by the defendant, other defendants or their witnesses other than those specifically set out in the indictment presented herein, would allow the attorney for the government to get before the jury the fact that the defendant, other defendants or other defense witnesses committed other and extraneous offenses than the one for which he or she is on trial herein, which are remote in time and which are not relevant to the question of the defendant's or other defense witnesses' truthfulness and veracity and would further allow the attorney for the government to get before the jury other crimes which do not constitute an exception to the rule against such general character evidence or which is prejudicial or not needed by the government in their case in chief or which is immaterial and unnecessary to the disposition of this case.

III.

An ordinary objection during the course of trial even sustained with proper instructions to the jury will not remove such effect in view of its highly prejudicial content.

IV.

WHEREFORE, the defendant requests the Court order and instruct the attorney for the government, his or her representatives, and witnesses, not to elicit or give testimony respecting, alluding to, cross examine respecting, mention, or refer to any misconduct or alleged violations of the law, and to instruct the attorney for the government, his or her representatives and witnesses not to elicit or give any testimony respecting, cross examine respecting, mention or refer to any prior convictions in the presence and hearing of the jury until a hearing has been held outside the presence of the jury and before the Court to determine the above set out relevant factors.

    Respectfully submitted,

    DeGUERIN, DICKSON, HENNESSY & WARD

    */s/ Dick DeGuerin*
    Dick DeGuerin
    Texas State Bar No. 05638000
    Catherine Baen
    Texas State Bar No. 01501500
    1018 Preston, 7th Floor
    Houston, Texas 77002
    Telephone:  713/223-5959
    Facsimile:   713/223-9231

    *ATTORNEYS FOR DEFENDANT*

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on Assistant United States Attorney Laura Cordova, and other interested parties, by delivering a copy of same on May 15, 2013, by electronic mail via the CM/ECF system.

                                                    */s/ Dick DeGuerin*_____
                                                    Dick DeGuerin

## **CERTIFICATE OF CONFERENCE**

I have spoken with Assistant United States Attorney Laura Cordova regarding this motion and she is OPPOSED to the granting of this motion.

Dated: May 15, 2013

                                                    */s/Dick DeGuerin*
                                                    Dick DeGuerin

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| VS. | § § § | NO. 4:11-CR-861-2 |
| CYRUS SAJADI | | |

## **ORDER**

Defendant's Motion in Limine is hereby GRANTED.

SIGNED _____, 2013.

_____
Vanessa D. Gilmore
United States District Judge